UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

MICHAEL ROME ,

Plaintiff,

DEMAND FOR JURY TRIAL

-vs-

Case No.
Hon.

AMERICOLLECT INC.,
PEOPLES ENERGY SERVICES CORPORATION, and
EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

**COMPLAINT & JURY DEMAND**

**Jurisdiction**

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

**Venue**

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## Parties

6. Michael Rome resides in Royal Oak, Michigan.

7. Michael Rome is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

8. The Defendant to this action, Americollect Inc. ("Americollect"), is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9. The Defendant to this action, PEOPLES ENERGY SERVICES CORPORATION ("Peoples Energy"), is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10. The Defendant to this action, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a national credit reporting agency as contemplated by the Fair Credit Reporting Act ("FCRA")

## General Factual Allegations

11. Plaintiff discovered false information furnished by Americollect ("false Americollect account") on one or more of his consumer reports.

12. Mr. Rome disputed the false Americollect account by transmitting actual notice of his dispute along with an adequate description and explanation to one or more major credit reporting agencies.

13. Mr. Rome requested that one or more major credit reporting agencies reinvestigate and correct the false Americollect account as envisioned by 15 U.S.C. § 1681i.

14. Mr. Rome's request for reinvestigation included sufficient information to provide actual notice that the false Americollect account was inaccurate and the source of information was not reliable.

15. One or more credit reporting agencies responded to this dispute from Mr. Rome by requesting verification of the false Americollect account from Americollect.

16. Americollect responded to the reinvestigation request by verifying false Americollect account.

17. Americollect failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

18. As a result of Americollect's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

19. Plaintiff discovered false information furnished by Peoples Energy ("false Peoples Energy account") on one or more of his consumer reports.

20. Mr. Rome disputed the false Peoples Energy account by transmitting actual notice of his dispute along with an adequate description and explanation to one or more major credit reporting agencies.

21. Mr. Rome requested that one or more major credit reporting agencies reinvestigate and correct the false Peoples Energy account as envisioned by 15 U.S.C. § 1681i.

22. Mr. Rome's request for reinvestigation included sufficient information to provide actual notice that the false Peoples Energy account was inaccurate and the source of information was not reliable.

23. One or more credit reporting agencies responded to this dispute from Mr. Rome by requesting verification of the false Peoples Energy account from Peoples Energy.

24. Peoples Energy responded to the reinvestigation request by verifying false Peoples Energy account.

25. Peoples Energy failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

26. As a result of Peoples Energy's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

27. Plaintiff also requested that Experian remove an address associated with Plaintiff at which Plaintiff never resided; Experian refused or failed to remove this address.

28. Experian failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

29. Experian failed to adequately follow the procedures set forth in 15 U.S.C. § 1681i.

30. Plaintiff suffered damages as a result of Experian's failure to abide by 15 U.S.C. § 1681i.

## COUNT I – Fair Credit Reporting Act (Americollect)

31. Mr. Rome incorporates the preceding allegations by reference.

32. Americollect was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Rome through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

33. In the event that Americollect was unable to verify the information which it had reported, Americollect was required to advise the credit reporting agency of this fact.

34. Following the reinvestigation, Americollect reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

35. Following the reinvestigation, Americollect reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

36. Following the reinvestigation and dispatch of notice directly to Americollect, Americollect reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

37. Following the reinvestigation and dispatch of direct notice to Americollect, Americollect failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

38. Americollect willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Rome's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

39.  In the alternative, Americollect negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

40.  Americollect willfully refused to properly reinvestigate the inaccuracies in Mr. Rome's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

41.  In the alternative, Americollect negligently failed to conduct a proper reinvestigation of Mr. Rome's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

42.  Mr. Rome has suffered damages as a result of these violations of the FCRA.

## **COUNT II – Intentional Infliction of Emotional Distress (Americollect)**

43.  Plaintiff incorporates the preceding allegations by reference.

44.  Americollect's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

45.  Americollect intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

46.  Americollect's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

47.  Plaintiff has suffered damages as a result of the conduct of Americollect.

## **COUNT III – Negligence (Americollect)**

48.  Plaintiff incorporates the preceding allegations by reference.

49.  Americollect owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

50.  Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

51. Americollect's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

52. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by Americollect.

### COUNT IV – Negligence *Per Se* – (Americollect)

53. Plaintiff incorporates the preceding allegations by reference.

54. Americollect's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

55. Those unreasonable actions were *per* se unreasonable.

56. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by Americollect.

### COUNT V – Defamation by Libel (Americollect)

57. Plaintiff incorporates the preceding allegations by reference.

58. Americollect's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

59. Americollect's publications were not privileged communications.

60. Americollect's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

61. The statements were *per se* defamatory.

62. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

63. Plaintiff has suffered emotional distress as a result of the publication of the defamatory

statements.

### COUNT VI – Malicious Statutory Libel (Americollect)

64. Plaintiff incorporates the preceding allegations by reference.

65. The inaccurate credit information was published with malice or ill-will.

66. Plaintiff has suffered damages as a result of this malicious libel by Americollect in violation of M.C.L. § 600.2911.

67. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT VII – Fair Debt Collection Practices Act (Americollect)

68. Mr. Rome incorporates the preceding allegations by reference.

69. At all relevant times Americollect – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

70. Americollect is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

71. Americollect's foregoing acts in attempting to collect this alleged debt against Mr. Rome constitute violations of the FDCPA.

72. Mr. Rome has suffered damages as a result of these violations of the FDCPA.

### COUNT VIII – Michigan Occupational Code (Americollect)

73. Mr. Rome incorporates the preceding allegations by reference.

74. Americollect is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

75. Mr. Rome is a debtor as that term is defined in M.C.L. § 339.901(f).

76. Americollect's foregoing acts in attempting to collect this alleged debt against Mr. Rome constitute violations of the Occupational Code.

77. Mr. Rome has suffered damages as a result of these violations of the Michigan Occupational Code.

### **COUNT IX – Fair Credit Reporting Act (Peoples Energy)**

78. Mr. Rome incorporates the preceding allegations by reference.

79. Peoples Energy was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Rome through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

80. In the event that Peoples Energy was unable to verify the information which it had reported, Peoples Energy was required to advise the credit reporting agency of this fact.

81. Following the reinvestigation, Peoples Energy reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

82. Following the reinvestigation, Peoples Energy reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

83. Following the reinvestigation and dispatch of notice directly to Peoples Energy, Peoples Energy reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

84. Following the reinvestigation and dispatch of direct notice to Peoples Energy, Peoples Energy failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

85. Peoples Energy willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Rome's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

86. In the alternative, Peoples Energy negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

87. Peoples Energy willfully refused to properly reinvestigate the inaccuracies in Mr. Rome's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

88. In the alternative, Peoples Energy negligently failed to conduct a proper reinvestigation of Mr. Rome's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

89. Mr. Rome has suffered damages as a result of these violations of the FCRA.

## COUNT X – Intentional Infliction of Emotional Distress (Peoples Energy)

90. Plaintiff incorporates the preceding allegations by reference.

91. Peoples Energy's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

92. Peoples Energy intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

93. Peoples Energy's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

94. Plaintiff has suffered damages as a result of the conduct of Peoples Energy.

## COUNT XI – Negligence (Peoples Energy)

95. Plaintiff incorporates the preceding allegations by reference.

96. Peoples Energy owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

97. Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

98. Peoples Energy's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

99. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by Peoples Energy.

## COUNT XII – Negligence *Per Se* – (Peoples Energy)

100. Plaintiff incorporates the preceding allegations by reference.

101. Peoples Energy's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

102. Those unreasonable actions were *per* se unreasonable.

103. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by Peoples Energy.

## COUNT XIII – Defamation by Libel (Peoples Energy)

104. Plaintiff incorporates the preceding allegations by reference.

105. Peoples Energy's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

106. Peoples Energy's publications were not privileged communications.

11

107. Peoples Energy's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

108. The statements were *per se* defamatory.

109. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

110. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT XIV – Malicious Statutory Libel (Peoples Energy)

111. Plaintiff incorporates the preceding allegations by reference.

112. The inaccurate credit information was published with malice or ill-will.

113. Plaintiff has suffered damages as a result of this malicious libel by Peoples Energy in violation of M.C.L. § 600.2911.

114. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT XV – Violations of the FCRA
### 15 U.S.C. § 1681 *et seq*. (Experian)

115. Plaintiff incorporates the preceding allegations by reference.

116. The appearance of the inaccurate account information was the direct and proximate result of Experian's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

117. Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

118. In the alternative, Experian negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681o;

119. Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

120. As part of the reinvestigation, Experian was required to notify the furnishers of the disputed account information in a notice.

121. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

122. Experian failed to include all relevant information regarding the dispute to the furnishers of the disputed account information in violation of the FCRA, 15 U.S.C. § 1681i(a)(2)(A).

123. As part of the reinvestigation, Experian was required to consider and give due weight to all relevant information submitted by Mr. Rome.

124. Experian's failed to properly consider and give due weight to all relevant information submitted by Mr. Rome in course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

125. Experian's reinvestigation improperly resulted in the reporting of information which Experian found to be inaccurate, incomplete, unverifiable in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

126. Experian has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

127. In the alternative, Experian has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o.

128.  Mr. Rome has suffered damages as a result of these violations of the FCRA.

## Demand for Jury Trial

129.  Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.   *Assume jurisdiction over all claims;.*

b.   *Award actual damages.*

c.   *Award statutory damages.*

d.   *Award punitive damages.*

e.   *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Michael Rome
      18930 West 10 Mile Rd. Suite 2500
      Southfield, MI 48075
      Phone:  (248) 746-3790
      Email:   adamgtaub@clgplc.net

Dated: April 18, 2011